UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>FRED MARTIN, INDIVIDUALLY AND AS TRUSTEE OF MARTIN FAMILY 2005 TRUST; FATIMA RIVERA; and ALFREDO RIVERA<br><br>　　　　Defendants. | Case Number: CV 13-4983-JST<br><br>STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION |

**1. PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**2. COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**3. LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**4. PRESERVATION**

The Parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate, to the extent such

ESI exists. Specifically, Defendants have informed the United States that Defendants Fatima Rivera and Alfredo Rivera speak English as a second language and do not communicate via e-mail, so Defendants believe that any ESI in this matter is likely to be seriously limited or may not exist at all. However, to reduce the costs and burdens of preservation and to ensure proper ESI is preserved, to the extent it exists, the Parties agree that:

a) Only ESI created or received from January 1, 2008 through the duration of this litigation, to the extent such ESI had been preserved on January 1, 2010, will be preserved;

b) The parties agree to preserve potentially relevant draft documents, as well as red-lined or marked-up documents. The term "Draft Document" means a preliminary version of a document that has been shared by the author with another person (by email, print or otherwise) or one that the author no longer intends to finalize or to share with another person.

c) These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will not be preserved, searched, reviewed, or produced:

   i. Voicemail messages on counsel for the Parties' voicemail management systems;

   ii. Electronic mail, SMS messages or "pin to pin" messages sent to or from a Personal Digital Assistant (e.g. Blackberry Handheld) provided that a copy of electronic messages is saved in another reasonably accessible location;

   iii. Other electronic data stored on a Personal Digital Assistant, such as calendar or contact data or notes, provided that a copy of such information is saved in another reasonably accessible location;

   iv. Logs of calls made to or from cellular phones of counsel for the Parties;

   v. Temporary or cache files, including internet history, web browser cache and cookie files, wherever located;

   vi. Server, system or network logs;

   vii. Data from photocopiers or fax machines;

   viii. Autosaved copies of electronic documents;

   ix. Delivery or read recipients of electronic mail;

   x. Duplicate copies of an electronic message sent to multiple recipients so long as the copy retained accurately reflects all recipients of the email and the entire contents of the email, including all attachments.

   xi. Potentially relevant ESI on a backup system used for the purpose of system recovery or information restoration, if that backup system is not

reasonably accessible and the potentially relevant ESI has been preserved on other, accessible electronic media.

## 5. SEARCH

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

## 6. PRODUCTION FORMATS

The Parties agree to produce documents in PDF and native file formats, as described below. If particular documents warrant a different format than specified below, the Parties will cooperate to arrange for the mutually acceptable production of such documents. The Parties agree not to degrade the searchability of documents as part of the document production process. Specifically, the Parties agree to produce documents, things, and ESI in the following form and manner:

a) <u>Hard Copy Documents Scanned to Electronic Form:</u> Hard copy documents shall be scanned as searchable PDF images and reflect, without visual degradation, the full and complete information contained on the original document. Color documents, including photographs, brochures, or advertising materials, shall be scanned in color. The Parties agree to produce all imaged documents with a legible, unique page identifier ("Bates Number") electronically "burned" onto the image in the lower right hand corner or at a location that does not obliterate, conceal, or interfere with any information from the source document. The Bates numbering convention shall be in the format "XX########" where "XX" represents the producing party and "########" represents the eight-digit sequential number of the page being produced by that party. For example, the first Bates labeled document produced by the United States should be labeled "US00000001".

b) <u>Unitization of Scanned Images:</u> The Parties will make good faith efforts to: (1) scan an individual document, including attachments, as it existed in the original; (2) make all information that is in a hard copy document available in the scanned image, even if that requires scanning a page or document more than once (i.e., for documents that contain fixed notes, such as post-it notes, the parties will scan the pages both with and without the notes and those pages will be treated as part of the same document); (3) maintain the relationship of documents in a document collection (e.g., cover letter and enclosures, binder containing multiple documents) through the scanning process.

c) <u>ESI:</u> All ESI shall be produced in its native format (i.e., Word documents produced in Word, WordPerfect documents produced in WordPerfect). The parties further agree that:

   i. All email produced shall include the following metadata fields: (1) "From"; (2) "To"; (3) "CC"; (4) "BCC"; (5) "Subject"; (6) date and time the message was sent.

   ii. In the event that a Party needs to redact a portion of a document, the Parties will meet and confer regarding production of the redacted document.

 d) <u>Production Media</u>: The Parties agree to produce PDFs and ESI on CD-ROM, DVD, or external hard drive, (the "Production Media"), depending on the volume of the production. Each piece of Production Media shall be labeled with: (1) the case number, (2) the producing party's name, and (3) the production date, and (4) wave of production and the number of pieces in the wave (i.e., a party's first production of two CDs shall be labeled FIRST PROD, 1 of 2 and 2 of 2, the second production of one DVD shall be labeled SECOND PROD, 1 of 1).

 e) <u>No use of File Sharing Sites for Production Without Prior Agreement of the Parties</u>: The parties agree not to use file sharing or post sites (i.e., FTP or SFTP) to produce documents or ESI responsive to a discovery request without the written agreement of the party requesting the discovery.

 f) Each party shall identify the discovery request to which a produced document or ESI responds.

## 7. PHASING

The parties agree that phasing is inappropriate in this case.

## 8. DOCUMENTS PROTECTED FROM DISCOVERY

 a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

 b) The Parties agree that for each document, thing, or ESI withheld based on an asserted claim of privilege, the Party asserting the privilege must produce a privilege log pursuant to Rule 26(b)(5)(a) of the FRCP, except as provided in Paragraph 4(c). The privilege log must contain the Bates Number, the type of document or ESI, whether the document or ESI contains any attachments, the date, authors, recipients, copyees, privilege(s) claimed, the title of the document or ESI, the purpose of the document or ESI and the basis for the claimed privileges or protections with information sufficient to establish the elements of each asserted privilege. E-mail attachments should be identified as attachments and separately logged.

 c) Communications involving attorneys or staff within the United States Department of Justice or attorneys or staff of Ropers Majeski Kohn Bentley PC and the Defendants need not be placed on a privilege log. Communications may be

identified on a privilege log by category, rather than individually, if appropriate.

## 9. MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

## 10. MISCELLANEOUS PROVISIONS

a) No Party shall seek sanctions pursuant to the FRCP, the contempt powers of the Court, or any other authority, against another Party for failure to preserve documents, things, or ESI excluded from preservation and enumerated in Paragraph 4(c).

b) Each Party shall bear the costs of producing its own documents, things, and ESI.

c) Before filing any motion regarding the terms of this Stipulated Order, compliance with this Stipulated Order or other discovery dispute, the Parties will confer in a good faith attempt to resolve such disputes.

d) The Effective Date of this Stipulation is the date on which it is executed by all Parties.

e) None of the meet and confer provisions of this Stipulation shall be construed to extend the time within which a Party must respond to a discovery request; rather, such time frames shall be governed by the FRCP

f) The terms of this Stipulation and Order are not exhaustive. Each Party reserves the right to subsequently request a meet and confer to address any matters concerning discovery in this litigation which has not been addressed herein.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: 1/29/2014        s/ Joel Flaxman
                        _____
                        Counsel for Plaintiff

Dated: 1/29/14          /s/ Brock R. Lyle
                        _____
                        Counsel for Defendant

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: January 31, 2014

UNITED STATES DISTRICT JUDGE
HON JON S. TIGAR

5