STEVEN H. ROSENBAUM
R. TAMAR HAGLER (SBN 189441)
EMILY M. SAVNER
JOEL FLAXMAN (Ill. Bar No. 6292818)
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Avenue - NWB
Washington, D.C. 20530
Tel.: (202) 353-4081
Fax: (202) 514-1116
Email: emily.savner@usdoj.gov

Attorneys for Plaintiff United States of America

JESSHILL E. LOVE (SBN 208348)
BROCK R. LYLE (SBN 242690)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 500
Redwood City, CA 94063-2052
Tel.: (650) 364-8200
Fax: (650) 780-1701
Email: blyle@rmkb.com

GINA DASHMAN BOER (SBN 124990)
HAAPALA, THOMPSON & ABERN LLP
1939 Harrison Street, Suite 800
Oakland CA 94612
Tel: (510)763-2324
Fax: (510) 273-6364
Email: gboer@htalaw.com

Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

FRED MARTIN, INDIVIDUALLY, AND
AS TRUSTEE OF MARTIN FAMILY
2005 TRUST; FATIMA RIVERA;

Case No. 13-cv-04983-JD

**CONSENT ORDER**

1

1  ALFREDO RIVERA

2        Defendants.

3

4                **I.  INTRODUCTION**

5  1.      The United States initiated this action on October 25, 2013, against Defendants Fred

6  Martin, individually and as trustee of Martin Family 2005 Trust, Fatima Rivera, and Alfredo

7  Rivera, under 42 U.S.C. §§ 3612(o) and 3614(a).  In its complaint, the United States alleges that

8  the Defendants, the owners and staff of Woodland Garden Apartments ("Subject Property"),

9  violated the Fair Housing Act ("FHA"), as amended, 42 U.S.C. §§ 3601 *et seq.*, by

10 discriminating on the basis of familial status in the rental of dwellings at the Subject Property.

11 2.      Specifically, the United States alleges that by adopting rules limiting children's ability to

12 use the common areas of the Subject Property, the Defendants have:

13

14         a.    Violated 42 U.S.C. § 3604(b) by discriminating in the terms, conditions, or

15               privileges of rental of a dwelling, and/or in the provision of services or

16               facilities in connection therewith, because of familial status;

17         b.    Violated 42 U.S.C. § 3604(c) by making, printing, or publishing, and/or

18               causing to be made, printed or published, any notice, statement, or

19               advertisement, with respect to the rental of a dwelling that indicates any

20               preference, limitation, or discrimination based on familial status, or an

21               intention to make any such preference, limitation, or discrimination; and

22         c.    Violated 42 U.S.C. § 3614(a) by engaging in a pattern or practice of

23               resistance to the full enjoyment of rights granted by the FHA, and/or

24               denying fair housing rights to a group of persons, raising an issue of

25               general importance.

28

2

Case No. 13-cv-04983-JD
Consent Order

3.      Defendants disagree with these allegations and contend that no discrimination has occurred.  Notwithstanding the foregoing, the parties have chosen to resolve this matter amicably.  By their signatures below, the parties hereby consent to the entry of this Consent Order and the attached Judgment.

Therefore, it is **ADJUDGED, ORDERED and DECREED** as follows:

## II. GENERAL INJUNCTION

4.      The Defendants, their agents, employees, successors, and all persons in active concert or participation with them are hereby enjoined, with respect to the rental of dwellings,[1] from:

        a.      Discriminating against any person in the terms, conditions, or privileges of the rental of a dwelling, or in the provision of services or facilities in connection therewith, because of familial status; and

        b.      Making, printing, or publishing, or causing to be made, printed, or published any notice, statement, or advertisement, with respect to the rental of a dwelling that indicates any preference, limitation, or discrimination based on familial status, or an intention to make any such preference, limitation, or discrimination.

5.      The provisions of this Section shall apply to the Subject Property and all rental dwellings in which any Defendant acquires a direct or indirect ownership, management, or other financial interest during the period covered by this Consent Order, as described in Section VIII.

## III. NONDISCRIMINATION POLICY

6.      Upon entry of this Consent Order, Defendants shall implement the Nondiscrimination Policy appearing at **Appendix A** at the Subject Property.

---

[1] The term "dwellings" has the meaning set out in the Fair Housing Act, 42 U.S.C. § 3602(b).

Case No. 13-cv-04983-JD
Consent Order

7.      Within 30 days of the entry of the Consent Order, Defendant Martin, or his designee, shall distribute the Nondiscrimination Policy to all of his current tenants and shall distribute a copy of the Consent Order and the Nondiscrimination Policy to all of his current employees, agents, and anyone acting under the direction of any of the Defendants who has responsibility for showing, renting, managing, or operating any and all dwelling units at the Subject Property.

8.      Within 30 days of the entry of this Consent Order, Defendant Martin, or his designee, shall secure a signed statement from each agent and employee who has responsibility for showing, renting, managing, or operating any and all dwelling units at the Subject Property acknowledging that he or she has received, read, and understands the Consent Order and the Nondiscrimination Policy, has had the opportunity to have questions about these documents answered, and agrees to abide by the relevant provisions of the Consent Order and the Nondiscrimination Policy.  This statement shall be in the form of **Appendix B**.

9.      During the term of this Consent Order, within 30 days after each new agent or employee becomes involved in showing, renting, or managing units at the Subject Property, Defendant Martin, or his designee, shall provide a copy of this Consent Order and the Nondiscrimination Policy to each such agent or employee and secure his or her signed acknowledgment in the form of **Appendix B**.

10.     Within 30 days of the entry of this Consent Order, Defendant Martin, or his designee, shall take the following steps to notify the public of the Nondiscrimination Policy in effect at the Subject Property:

a.      Prominently post at all rental offices that Defendants currently or subsequently use for the rental of dwellings, a fair housing sign no smaller than ten (10) inches by fourteen (14) inches that indicates that all units are

4

available for rent on a nondiscriminatory basis.  A poster that comports

with 24 C.F.R. Part 110 will satisfy this requirement;

b.      Include the words "Equal Housing Opportunity" and/or the fair housing

logo in all rental advertising conducted by the Defendants, or their agents

or employees, in newspapers, flyers, handouts, telephone directories and

other written materials; on radio, television, internet or other media

broadcasts; and on all billboards, signs, pamphlets, brochures and other

promotional literature, provided that this requirement does not compel the

Defendants to advertise in any of these media, but does require

compliance with this provision whenever the Defendants so advertise.

The words and/or logo shall be prominently placed and easily readable;

c.      Include the following phrase in the rental application(s) and the rental

agreement(s) used for rental dwelling units from the date of this Consent

Order going forward in boldface type, using letters of equal or greater size

to those of the text in the body of the document:

> We are an equal housing opportunity provider. We do not
> discriminate on the basis of race, color, sex, national origin,
> religion, disability or familial status (having children under
> age 18).

## IV. TRAINING

11.    Within 120 days from the date of entry of this Consent Order, Defendants Fred Martin

and Fatima Rivera, and all managers, agents, and employees at the Subject Property shall

undergo in-person training on the Fair Housing Act, with specific emphasis on discrimination on

the basis of familial status.  The training shall be conducted by an independent, qualified third

party identified by the Defendants and approved by the United States.  Any expenses associated

5

Case No. 13-cv-04983-JD
Consent Order

with this training shall be borne by the Defendants. Each individual who receives the training

shall execute the Certification of Completion of Training, appearing at **Appendix C**.

12.     The training attended by Defendants Fred Martin and Fatima Rivera on April 23, 2014,

for which the United States received Certifications of Completion of Training on July 15, 2014,

satisfies the requirements for training contained in Paragraph 11, above, with respect to those

two individuals.

13.     Through counsel, Defendant Alfredo Rivera has represented that he is no longer

employed by Defendant Martin and is not employed in any capacity by a residential rental

housing provider. In the event that Defendant Alfredo Rivera does secure employment in the

management or operation of a residential rental property, including but not limited to showing

and renting units, selecting tenants, making repairs, collecting rents, or determining whom to

evict, Defendant Alfredo Rivera shall attend a fair housing training pursuant to Paragraph 11,

above, within 30 days of beginning any such employment.

**V. ENFORCEMENT PROCEDURES FOR RULE VIOLATIONS**

14.     Within 60 days from the date of entry of this Consent Order, Defendant Martin, or his

designee, shall establish enforcement procedures that will govern the handling of any violations

of the Subject Property's rules of conduct by tenants and/or guests.

15.     The enforcement procedures discussed in Paragraph 14, above, shall include:

        a.      A procedure for notifying tenants, in writing, of rule violations through a process

                of escalating written warnings and penalties.

        b.      A requirement that all rule violations be documented contemporaneously in a

                Rule-Violation Log for the Subject Property. This Rule-Violation Log must show

                the date and nature of the violation and any action taken in response by the

6

Case No. 13-cv-04983-JD
Consent Order

Defendants or their employees or agents, including, but not limited to, warnings and penalties charged.

c.    A prohibition on any adverse action being taken against any tenant, including, but not limited to, penalties, eviction, or failure to renew the tenant's lease, based on a violation of a rule unless that violation is contemporaneously documented in the Subject Property's Rule-Violation Log.

16.    Within 60 days of entry of this Consent Order, Defendant Martin, or his designee, shall implement and prominently display the enforcement procedures described in this Section in any office where there is rental activity and/or personal contact with tenants at the Subject Property and shall distribute the enforcement procedures to all households at the Subject Property. The Defendants shall also provide a copy of the enforcement procedures to any resident upon request.

17.    The enforcement procedures established by the Defendants pursuant to this Section shall not preclude the Defendants, or other employees or agents at the Subject Property, from taking immediate action to address any violations that pose a significant risk to the health, safety, and welfare of the Subject Property's residents or guests. Further, the enforcement procedures established by the Defendants pursuant to this Section shall not preclude the Defendants from increasing rents for any tenants provided that any rent increase is part of a general rent increase applicable to all tenants at the Subject Property and otherwise comports with all applicable laws.

## VI. REPORTING AND RECORD-KEEPING

18.    The Defendants shall, no later than 30 days after occurrence, provide to the United States notification and documentation of the following events:[2]

---

[2] Defendants will send all reports described in Section VI and all checks described in Section VII by commercial, overnight mail to: Chief, Housing and Civil Enforcement Section, Civil Rights Division, DJ 175-11-355, United States Department of Justice, 1800 G Street, NW, Washington, D.C. 20006.

Case No. 13-cv-04983-JD
Consent Order

a.   A list of all rental properties in which any of the Defendants acquires a direct or indirect ownership, management, or other financial interest after the date of entry of this Consent Order, including the nature of each Defendant's interest in the property; the address; the name of the property, if any; the number of rental units; the names and phone number(s) of any existing tenants; and the document memorializing the transfer in interest of the property;

b.   Implementation and distribution of the Nondiscrimination Policy and the enforcement procedures described in Sections III and V, respectively;

c.   Any changes to the rules governing the conduct of residents or guests at the Subject Property that the Defendants, or their employees or agents, may adopt;

d.   Any written or oral complaint against any of the Defendants, or any of the Defendants' agents or employees, regarding discrimination in housing.  If the complaint is written, the Defendants shall provide a copy of it with the notification.  The notification shall include the full details of the complaint, including the complainant's name, address, and telephone number.  The Defendants shall also promptly provide the United States all information it may request concerning any such complaint and shall inform the United States within 30 days of the substance of any resolution of such complaint; and

e.   Any employment of Defendant Alfredo Rivera in the management or operation of a residential rental property, including the identity, address, and telephone number of the employer.

19.   Within 120 days of the date of entry of this Consent Order, and every six months thereafter for the duration of this Consent Order, the Defendants shall deliver to counsel for the

8

United States a report containing information about their compliance efforts during the preceding reporting period, including but not limited to:

    a.    Copies of **Appendices B** and **C** executed pursuant to Paragraphs 8, 9, 11, and 13;

    b.    Photographs of each office in which rental activity is conducted showing the fair housing signs and enforcement procedures posted pursuant to Sections III and V, unless there has been no change to the posted signs and procedures since the Defendants' last report, in which case written confirmation that the signs and procedures remain posted and in readable condition will suffice;

    c.    A complete list of all tenants at the Subject Property, including the number of children under age 18 in each household;

    d.    Copies of the Rule-Violation Log for the Subject Property, which should include documentation of all warnings and penalties issued to tenants as a result of violations of the rules of conduct in effect at the Subject Property, maintained pursuant to Section V;

    e.    Any rental advertisements published in local newspapers pursuant to Paragraph 10(b);

    f.    The applicable rules governing the conduct of residents and guests at the Subject Property; and

    g.    Confirmation that Defendant Rivera has not been employed in the management or operation of a residential rental property. If Mr. Rivera has been so employed, the identity, address, and telephone number of his employer(s).

20.    The final report required by Paragraph 19 above, shall be submitted to the United States no later than 60 days before the expiration of this Consent Order.

Case No. 13-cv-04983-JD
Consent Order

21.     During the period in which this Consent Order is in effect, the Defendants shall preserve all records that are the source of, contain, or relate to any of the information pertinent to their obligations under this Consent Order, including, but not limited to, all Rule-Violation Logs and tenant files.  Upon reasonable notice to counsel for the Defendants, representatives of the United States shall be permitted to inspect and copy all such records at any and all reasonable times or, upon request by the United States, the Defendants shall provide copies of such documents.  The Defendants may redact tenants' personal financial information in documents produced to the United States pursuant to this paragraph.

## VII. MONETARY PAYMENTS

22.     Within 45 days after the entry of this Consent Order, the Defendants shall pay damages of $77,500 by sending to counsel for the United States checks payable to those aggrieved persons identified by the United States, as provided in **Appendix D**.  Counsel for the United States will distribute the checks described in this paragraph to each named payee once that payee has executed and returned to the United States a written release (in the form of **Appendix E**) of all claims, legal or equitable, that the payee might have against the Defendants.  Thereafter, the United States shall deliver to counsel for the Defendants each original, executed release.

23.     Within 45 days after the entry of this Consent Order, the Defendants shall make a payment of $2,500 to the United States pursuant to 42 U.S.C. § 3614(d)(1)(C).  This payment shall be in the form of an electronic funds transfer pursuant to written instructions to be provided by the United States.  This payment is a debt for a fine, penalty, or forfeiture payable to and for the benefit of the United States within the meaning of 11 U.S.C. § 523(a)(7), and is not compensation for actual pecuniary loss.  No Defendant shall seek to discharge any part of this debt in bankruptcy.

Case No. 13-cv-04983-JD
Consent Order

## VIII. ACQUISITION OR TRANSFER OF INTEREST IN DWELLINGS

24.     If at any time while this Consent Order remains in effect, Defendant Martin maintains that any of his obligations under this Consent Order have terminated or changed because the Martin Family 2005 Trust has sold or transferred all or any portion of the Subject Property to a bona-fide third party purchaser in an arm's length transaction or because he has been replaced as trustee of Martin Family 2005 Trust, Defendant Martin shall inform the United States within 60 days of each such transaction and provide the date of the sale or transfer, copies of the sale or transfer documents, and the name(s) and contact information for the subsequent purchaser(s) and/or trustee(s).

25.     If any transfer of Defendant Martin or the Martin Family Trust's interest in all or any portion of the Subject Property is not an arm's length transaction, the Defendants and the new owner(s) and/or trustee(s) shall remain jointly and severally liable for any violations of this Consent Order for its duration.

26.     If, at any time during the term of this Consent Order, any Defendant acquires a direct or indirect ownership, management, or other financial interest in any other rental dwelling unit(s), said unit(s) shall be subject to the general injunction provisions contained in Section II.  Such Defendant shall notify counsel for the United States within 30 days of acquiring said interest, as described in Section VI.

## IX. DURATION AND COMPLIANCE WITH CONSENT ORDER

27.     By agreeing to entry of this Consent Order, the United States and the Defendants agree that in the event any Defendant engages in any future violation(s) of the Fair Housing Act, such violation(s) shall constitute a "subsequent violation" pursuant to 42 U.S.C. § 3614(d)(1)(C)(ii).

Case No. 13-cv-04983-JD
Consent Order

1   This provision applies to any future violation, whether resolved voluntarily or through judicial

2   proceedings.

3   28.      The Court shall retain jurisdiction for the duration of this Consent Order to enforce its

4   terms, after which time the case shall be dismissed with prejudice.  This Consent Order shall be

5   in effect for a period of two years from the date of its entry.  The United States may move the

6   Court to extend the duration of the Consent Order in the event of noncompliance, whether

7   intentional or not, with any of its terms, or if it believes the interests of justice so require.

8   29.      The parties shall endeavor in good faith to resolve informally any differences regarding

9   interpretation of and compliance with this Consent Order prior to bringing such matters to the

10  Court for resolution.  However, in the event the United States contends that there has been a

11  failure by a Defendant, whether willful or otherwise, to perform in a timely manner any act

12  required by this Consent Order or otherwise to act in conformance with any provision thereof,

13  the United States shall provide the Defendants written notice of the alleged failure and the

14  United States may thereafter move this Court to impose any remedy authorized by law or equity,

15  including, but not limited to, an order requiring performance of such act or deeming such act to

16  have been performed, and an award of any damages, costs, and reasonable attorneys' fees which

17  may have been occasioned by the violation or failure to perform.

18  30.      Any time limits for performance imposed by this Consent Order may be extended by

19  mutual written agreement of the parties.

## X. EFFECT ON LITIGATION HOLDS

20  31.      The parties agree that, as of the date of entry of this Consent Order, litigation is not

21  reasonably foreseeable concerning the matters described herein.  To the extent that any party

22  previously implemented a litigation hold to preserve documents, electronically stored

Case No. 13-cv-04983-JD
Consent Order

1    information, or things related to the matters described in this Consent Order, the party is no

2    longer required to maintain such a litigation hold.

3    32.    The preceding paragraph does not relieve the Defendants of any record keeping

4    responsibilities imposed by the terms of this Consent Order.

## XI. COSTS OF LITIGATION

33.    Each party to this litigation will bear its own costs and attorneys' fees associated with this

litigation.

IT IS SO ORDERED, this _13_ day of August 2014.

_____
JAMES DONATO
United States District Judge

*For the United States*

JOCELYN SAMUELS
Acting Assistant Attorney General
Civil Rights Division

_____
STEVEN H. ROSENBAUM
Chief, Housing and Civil Enforcement
Section
R. TAMAR HAGLER (SBN 189441)
Deputy Chief
EMILY M. SAVNER
JOEL FLAXMAN
Trial Attorneys
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave. NW - NWB
Washington, DC 20530
Tel: (202) 353-4081
Fax: (202) 514-1116
Email: emily.savner@usdoj.gov

13

For the Defendants

*Fred Martin, trustee*

Fred Martin, individually, and
as trustee of Martin Family 2005 Trust

_____

Fatima Rivera

_____

Alfredo Rivera

_____

Brock R. Lyle
Ropers Majeski Kohn Bentley
1001 Marshall St., Suite 500
Redwood City, CA 94063
Counsel for Defendants Fred Martin,
Fatima Rivera, and Alfredo Rivera

_____

Gina Dashman Boer
Haapala, Thompson & Abern LLP
1939 Harrison Street, Suite 800
Oakland CA 94612
Counsel for Defendants Fred Martin,
Fatima Rivera and Alfredo Rivera

Case No. 13-cv-04983-JD
Consent Order

*For the Defendants*

1

2

3   Fred Martin, individually, and
    as trustee of Martin Family 2005 Trust
4

5

6   Fatima Rivera

7

8

9   Alfredo Rivera

10

11

12  Brock R. Lyle
    Ropers Majeski Kohn Bentley
13  1001 Marshall St., Suite 500
    Redwood City, CA 94065
14  Counsel for Defendants Fred Martin,
15  Fatima Rivera, and Alfredo Rivera

16

17

18  Gina Dashman Boer
    Haapala, Thompson & Abern LLP
19  1939 Harrison Street, Suite 800
    Oakland CA 94612
20  Counsel for Defendants Fred Martin,
    Fatima Rivera and Alfredo Rivera
21

22

23

24

25

26

27

28                                          14
    Case No. 13-cv-04983-JD
    Consent Order

*For the Defendants*

1

2

_____

3  Fred Martin, individually, and
   as trustee of Martin Family 2005 Trust

4

5

_____

6  Fatima Rivera

7

8

_____

9  Alfredo Rivera

10

11

_____

12  Brock R. Lyle

13  Ropers Majeski Kohn Bentley
    1001 Marshall St., Suite 500

14  Redwood City, CA 94063
    Counsel for Defendants Fred Martin,

15  Fatima Rivera, and Alfredo Rivera

16

17

18  Gina Dashman Boer
    Haapala, Thompson & Abern LLP

19  1939 Harrison Street, Suite 800
    Oakland CA 94612

20  Counsel for Defendants Fred Martin,
    Fatima Rivera and Alfredo Rivera

21

22

23

24

25

26

27

28                                         14

Case No. 13-cv-04983-JD
Consent Order

# APPENDIX A

## Nondiscrimination Policy

It is the policy of Woodland Garden Apartments to comply with Title VIII of the Civil Rights Act of 1968, as amended, commonly known as the Fair Housing Act, by ensuring that apartments are available to all persons without regard to race, color, religion, national origin, disability, familial status (having children under age 18), or sex. This policy means that, among other things, the owners of this property and all their agents and employees with the responsibility for renting, managing, or administering any apartments must not discriminate in any aspect of the rental of dwellings against qualified applicants or tenants. Specifically, they may not:

A. Refuse to rent, refuse to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, national origin, disability, familial status, or sex;

B. Discriminate against any person in the terms, conditions or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, national origin, disability, familial status, or sex;

C. Make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, national origin, disability, familial status, or sex;

D. Represent to persons because of race, color, religion, national origin, disability, familial status, or sex that any dwelling is not available for inspection or rental when such dwelling is in fact so available; or

E. Coerce intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his/her having exercised or enjoyed, or on account of his/her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the Fair Housing Act.

Any agent or employee who fails to comply with this Nondiscrimination Policy will be subject to appropriate disciplinary action. Any action taken by an agent or employee that results in unequal service to, treatment of, or behavior toward tenants or actual or potential applicants on the basis of race, color, religion, national origin, disability, familial status, or sex may constitute a violation of state and federal fair housing laws.

Any tenant or applicant who believes that any of the above policies have been violated by any owner, agent, or employee may contact the U.S. Department of Housing and Urban Development at 1-888-799-2085, or the U.S. Department of Justice at 1-800-896-7743 or 202-514-4713.

15

Case No. 13-cv-04983-JD
Consent Order

**APPENDIX B**

**Acknowledgment of Receipt of Consent Order and Nondiscrimination Policy**

I have received a copy of the Consent Order entered in *United States v. Martin, et al.,* including a copy of the Nondiscrimination Policy.  I have read and understand these documents and have had my questions about these documents answered. I understand my legal responsibilities and shall comply with those responsibilities.


_____
Signature

_____
Print Name

_____
Job Title/Position

_____
Date

Case No. 13-cv-04983-JD
Consent Order

**APPENDIX C**

**Certification of Completion of Training**

On _____, I completed an in-person training on the requirements of the federal Fair Housing Act, 42 U.S.C. §§ 3601-3631, as well as state and local fair housing laws, including the prohibition against discrimination based on familial status, in compliance with the Consent Order entered by the United States District Court for the Northern District of California in *United States v. Martin, et al.*

_____
Signature

_____
Print name

_____
Job Title/Position

_____
Date

17

Case No. 13-cv-04983-JD
Consent Order

**APPENDIX D**

1. Leticia Baltazar, $7,624.00

2. Araceli Lopez-Porras and Gustavo Porras, $7,624.00

3. Araceli Duran and Nicando Salvador, $7,124.00

4. Veronica Panuco and Youcef Aissous, $6,624.00

5. Ruby Diaz and Ruben Rodriguez, $6,624.00

6. Ian Von Deisenroth and Sarah Cameron, $6,624.00

7. Lanesha and Juan Acre, $6,624

8. Levi and Kathy Romero, $6,624.00

9. Araceli Diaz and Jerry Diaz, $6,124.00

10. Ariana Berjen and Josh Staffan, $6,124.00

11. Project Sentinel, $9,760.00

Case No. 13-cv-04983-JD
Consent Order

**APPENDIX E**

**Full and Final Release of Claims**

In consideration for the parties' agreement to the terms of the Consent Order entered in *United States v. Martin, et al.*, as approved by the United States District Court for the Northern District of California, and in consideration for the payment of $_____, I, _____ [**print name**], do hereby agree, to remise, release, and forever discharge any and all claims of any kind, nature or description whatsoever, related to the facts at issue in the litigation referenced above, or in any way related to that litigation, up to and including the date of the entry of the Consent Order, that I may have against Defendants Fred Martin, individually and as trustee of Martin Family 2005 Trust, Fatima Rivera, and Alfredo Rivera and their agents, employees, officers, members, heirs, executors, spouses, administrators, successors, insurers, and assigns.

I acknowledge and understand that, by signing this Release, I am waiving any right to pursue my own legal action against Defendants Fred Martin, individually and as trustee of Martin Family 2005 Trust, Fatima Rivera, and Alfredo Rivera based on the discrimination alleged by the United States in this case.

I also acknowledge that I have been informed that I may review the terms of this Release with an attorney of my choosing, and to the extent that I have not obtained legal advice, I voluntarily and knowingly waive my right to do so.

I waive any claims I may have against the United States, the Department of Justice, or its agents or employees, arising out of this action. This Release constitutes the entire agreement between Defendants Fred Martin, individually and as trustee of Martin Family 2005 Trust, Fatima Rivera, and Alfredo Rivera and me, without exception or exclusion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of _____, 20__.

_____
Signature

_____
Print Name

Case No. 13-cv-04983-JD
Consent Order